UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BLACK VETERANS PROJECT and NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　Defendant. | Civ. No.: 3:21-cv-00935 (VAB)<br><br><br><br><br><br><br><br>AUGUST 16, 2021 |

## ANSWER AND AFFIRMATIVE DEFENSE

### INTRODUCTION

Answering the first four unnumbered paragraphs in Plaintiffs' complaint, Defendant admits that this is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq. Defendant further responds that the allegations contained therein are Plaintiffs' purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

### JURISDICTION AND VENUE

1.  Answering paragraph 1, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

2.  Answering paragraph 2, Defendant is without sufficient knowledge or information to admit or deny the allegations of said paragraph, and on that basis denies them and leaves Plaintiffs to their proof.

## PARTIES

3. Answering paragraph 3, Defendant is without sufficient knowledge or information to admit or deny the allegations of said paragraph, and on that basis denies them.

4. Answering paragraph 4, Defendant is without sufficient knowledge or information to admit or deny the allegations of said paragraph, and on that basis denies them.

5. Answering paragraph 5, Defendant admits the Department of Veterans Affairs (VA) is an executive department of the United States of America and that the purpose of the VA is to administer the laws providing benefits and other services to veterans and their dependents and the beneficiaries of veterans. Defendant admits that the VA contains administrations and staff offices, including the VBA, VHA, and BVA. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## STATEMENT OF FACTS

### The VA Discriminates Against Black Veterans

6. Answering paragraph 6, Defendant responds the allegations contained therein are Plaintiffs' purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

7. Answering paragraph 7, Defendant responds the allegations contained therein are Plaintiffs' purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

8. Answering paragraph 8, Defendant responds the allegations contained therein are

Plaintiffs' purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

9. Answering paragraph 9, Defendant responds that the allegations contained therein are Plaintiffs' purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

10. Answering paragraph 10, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

11. Answering paragraph 11, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

12. Answering paragraph 12, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

13. Answering paragraph 13, Defendant responds that said paragraph contains allegations of background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

14. Answering paragraph 14, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA,

and to which no response is required. To the extent a response is deemed required, the allegations are denied.

15. Answering paragraph 15, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

16. Answering paragraph 16, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

17. Answering paragraph 17, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

18. Answering paragraph 18, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

19. Answering paragraph 19, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

20. Answering paragraph 20, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA,

and to which no response is required. To the extent a response is deemed required, the allegations are denied.

21. Answering paragraph 21, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

22. Answering paragraph 22, Defendant responds that said paragraph contains allegations of purported background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

### Plaintiffs' FOIA Requests

*VBA Request*

23. Answering paragraph 23, Defendant admits the allegations.

24. Answering paragraph 24, Defendant admits the allegations.

25. Answering paragraph 25, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. Answering paragraph 26, Defendant admits that on March 22, 2021, VBA provided notice of an extension for responding to Plaintiffs' FOIA request. Defendant further responds that the remaining allegations in paragraph 26 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

27. Answering paragraph 27, Defendant admits that on April 1, 2021, VBA issued its first interim Initial Agency Decision ("IAD"). Defendant admits that VBA referred items 4 and 6 to the BVA and assigned it a new FOIA request number, 21-04716-F. Defendant further responds

that the remaining allegations in paragraph 27 are characterizations of the IAD to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

28. Answering paragraph 28, Defendant admits the allegations.

29. Answering paragraph 29, Defendant admits that on June 16, 2021, VBA issued a second interim IAD for Items 1-14. Defendant admits that VBA referred a portion of item 16 to the Office of the Assistant Secretary for Human Resources and Administration (OASHR) and assigned it a new FOIA tracking number, 21-06776-F. Defendant further responds that the remaining allegations in paragraph 29 are characterizations of the second interim IAD to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

30. Answering paragraph 30, Defendant denies that deadline to respond to item 16 was April 5, 2021 and avers that the deadline to respond was 20 business days after the June 16, 2021 referral date. Defendant admits that the referral to OASHR regarding a portion of item 16 is currently outstanding. Defendant denies the remaining allegations in paragraph 30.

31. Answering paragraph 31, Defendant denies that the VA has not responded to the Plaintiffs' appeal of the "no records" response for item 15 and avers that on June 3, 2021, the VA Office of General Counsel denied the appeal by emailed letter on that date. Defendant further responds that the remaining allegations of paragraph 31 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

32. Answering paragraph 32, Defendant admits the allegations in the first sentence and avers that on August 6, 2021, OGC issued a Final Agency Decision denying the appeal. Defendant further responds that the remaining allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the

allegations.

### VHA Request

33. Answering paragraph 33, Defendant admits the allegations.

34. Answering paragraph 34, Defendant admits that on February 22, 2021, VHA emailed Plaintiffs to clarify a portion of Plaintiffs' FOIA request. Defendant admits that on February 22, 2021, Plaintiffs responded by email, stating, in part, that "we are requesting information for both Veterans and for employees." Defendant further responds that the remaining allegations in paragraph 34 are characterizations of the emails to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

35. Answering paragraph 35, Defendant admits the allegations.

36. Answering paragraph 36, Defendant denies that OGC has not responded to items 5 and 6 and avers that on March 23, 2021, OGC provided Plaintiff with all information in response to items numbers 5 and 6 in full. The remaining allegations of paragraph 36 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

37. Answering paragraph 37, Defendant responds that the allegations of paragraph 37 are characterizations of Attachment I to the Complaint, to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

38. Answering paragraph 38, Defendant admits the allegations in the first sentence. The remaining allegations in paragraph 38 are Plaintiffs' characterizations of the initial agency decision to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

39. Answering paragraph 39, Defendant admits that on April 14, 2021, VHA issued an

initial agency decision. Defendant further responds that the remaining allegations in paragraph 39 are Plaintiffs' characterizations of the IAD to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

40.     Answering paragraph 40, Defendant admits that Plaintiffs appealed ORMDI's IAD by letter dated April 23, 2021. Defendant denies that ORMDI acknowledged receipt of the appeal, and avers that OGC acknowledged receipt of the appeal on April 26, 2021. The remaining allegations in paragraph 40 are legal conclusions to which no answer is required. To the extent a response is deemed required, Defendant denies Plaintiffs' allegations

41.     Answering paragraph 41, Defendant admits that Plaintiffs appealed the VHA initial agency decision by letter dated May 3, 2021. Defendant denies that VHA acknowledged receipt of the appeal, and avers that OGC acknowledged receipt of the appeal on May 3, 2021.

42.     Answering paragraph 42, Defendant admits on June 23, 2021, an OGC attorney emailed Plaintiffs regarding their appeal concerning FOIA request number 21-03677-F. Defendant denies the remaining allegations in paragraph 42 and avers that the email speaks for itself.

43.     Answering paragraph 43, Defendant admits the same OGC attorney emailed Plaintiffs on July 1, 2021. Defendant further responds that the remaining allegations in paragraph 43 are characterizations of the email to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and avers that the document speaks for itself.

44.     Answering paragraph 44, Defendant denies that VHA issued a final administrative decision and avers that on July 7, 2021, OGC issued a final agency decision denying Plaintiffs' appeal concerning items 1 – 4 of FOIA request #21-03677-F.

45.     Answering paragraph 45, Defendant denies the allegations.

46.     Answering paragraph 46, Defendant responds that the allegations of paragraph 46

are characterizations of the appeal decision to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

47. Answering paragraph 47, Defendant denies that Plaintiffs requested a break-down of unspecified (that is, for any protected basis, race or otherwise) discrimination complaints by year and VHA facility and avers that the request was limited to "complaints alleging racial bias or discrimination." Defendant responds that the remaining allegations of paragraph 47 are characterizations of the appeal decision to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

48. Answering paragraph 48, Defendant responds that the allegations of paragraph 48 are characterizations of the appeal decision to which no response is required and avers that the document speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

49. Answering paragraph 49, Defendant admits that VHA redacted employee names and email addresses in its response to item 4, pursuant to a statutory FOIA exemption. Defendant denies the remaining allegations in paragraph 49.

### *BVA Request*

50. Answering paragraph 50, Defendant admits the allegations.

51. Answering paragraph 51, Defendant denies that BVA has produced no response and avers that on August 11, 2021, BVA issued an interim IAD. Defendant further responds that the remaining allegations in paragraph 51 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## PLAINTIFFS' CLAIMS FOR RELIEF

52. Defendant re-alleges and incorporates by refence all preceding paragraphs.

53. Answering paragraph 53, Defendant denies the allegations.

54. Answering paragraph 54, Defendant denies the allegations.

55. Answering paragraph 55, Defendant denies the allegations.

56. Answering paragraph 56, Defendant denies the allegations.

## REQUESTED RELIEF

Answering Plaintiffs' Claims for Relief, the remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant responds that Plaintiffs are not entitled to any of the relief requested.

\* \* \*

All allegations not expressly admitted above are denied. Moreover, Defendant raises the following defenses to Plaintiffs' allegations:

## FIRST AFFIRMATIVE DEFENSE

Defendant is entitled to appropriate fees for its searches and responses to Plaintiffs' Requests in accordance with applicable law.

\* \* \*

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

Wherefore, Defendant respectfully requests that this Court enter a judgment in its favor, dismiss Plaintiffs' Complaint with prejudice, and grant such other relief as is deemed just and proper.

        Respectfully submitted,

        LEONARD C BOYLE
        ACTING UNITED STATES ATTORNEY

        */s/ Carolyn A. Ikari*
        CAROLYN A. IKARI
        ASSISTANT UNITED STATES ATTORNEY
        450 Main Street, Room 328
        Hartford, Connecticut  06103
        (860) 760-7953
        carolyn.ikari@usdoj.gov
        Fed. Bar No. ct13437

## Certificate of Service

I certify that on August 16, 2021, the foregoing Answer and Affirmative Defense was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        */s/ Carolyn A. Ikari*
        CAROLYN A. IKARI
        ASSISTANT U.S. ATTORNEY